*In re* ROWAN.

1. INSANE PERSONS—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS—DISCHARGE—JURY TRIAL—STATUTES.

Petition for habeas corpus, filed in circuit court by inmate who had been committed to custody of State hospital commission as a criminal sexual psychopathic person is treated on subsequent habeas corpus in Supreme Court as petition for discharge under statute under which petitioner had been committed and where jury trial was not accorded as granted by such statute and demanded in trial court, reversible error was committed (Act No. 165, Pub. Acts 1939).

2. SAME—JURY TRIAL—DEMAND—CONSTRUCTION OF STATUTES.

Under statute providing for commitment and discharge of criminal sexual psychopathic persons under which an inmate is entitled to a jury trial if demand therefor is filed within a given time, such provision is mandatory where demand is timely made (Act No. 165, § 7, Pub. Acts 1939).

Habeas corpus proceeding to inquire into the detention of Michael Rowan by the warden of the State Prison of Southern Michigan, with accompanying

certiorari to the Recorder's Court for the City of Detroit to review denial of petition in that court. Submitted March 16, 1943. (Calendar No. 42,323.) Reversed and remanded May 18, 1943.

*Michael Rowan, in pro. per.*

*Herbert J. Rushton,* Attorney General, *William E. Dowling,* Prosecuting Attorney, and *Henrietta E. Rosenthal,* for the people.

CHANDLER, J. On December 7, 1940, defendant, having been charged with gross indecency, upon petition of the prosecuting attorney was committed to the custody of the State hospital commission as a criminal sexual psychopathic person, pursuant to the provisions of Act No. 165, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 6991–1 *et seq.,* Stat. Ann. 1942 Cum. Supp. § 28.967[1] *et seq.*), and thereafter was transferred to the State prison for Southern Michigan at Jackson for continued observation.

Subsequent to his confinement as aforesaid, defendant filed various petitions and motions to obtain his release, all of which were denied. The latest of these, a petition for habeas corpus in the trial court, also denied, was filed on January 2, 1943, and purported to be founded upon the provisions of 3 Comp. Laws 1929, § 15200 (Stat. Ann. § 27.2244). Simultaneously therewith, he filed a petition for "trial by jury."

The cause was brought before us upon a petition for writ of habeas corpus which was granted and an ancillary writ of certiorari issued to the recorder's court for the city of Detroit.

The statute under which defendant was committed, *supra,* provides for the discharge of any

such person "after he shall have fully recovered from such psychopathy." Section 7 provides for a hearing upon petition to determine whether a recovery has occurred and for jury trial of the issue if demanded within 15 days after the filing of the petition and before trial.

Defendant appears *in pro. per.* and his petition for habeas corpus filed below will be treated as a petition for discharge filed pursuant to the provisions of section 7 of the statute, the denial of which will be reviewed upon the pleadings present here.

The return to the ancillary writ of certiorari shows that defendant was not granted a trial by jury as to whether he had recovered, a privilege specifically granted by the enactment. We interpret the provision to be mandatory in this respect if jury trial is demanded by the petitioner within the time limited therein as it was demanded in the instant case. This error necessitates reversal.

The pleadings inferentially raise the constitutionality of the statute under which the commitment was made but we find no issue in connection therewith not presented and decided by *People* v. *Chapman,* 301 Mich. 584.

Reversed and remanded for trial by jury.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.